UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN K. LATTIMORE,<br><br>      Plaintiff,<br><br>- *against* -<br><br>WESTCHESTER COUNTY MEDICAL EXAMINER'S; DR. HYLAND; DR. ROH; DR. ASHAR; DR. DUONG; JOHN FRIDAY; HALVIO PAULINO,<br><br>      Defendants. | 07 Civ. 1057 (CLB)(LMS)<br><br>**Decision and Order** |

      This matter is before me for all purposes, including trial, on consent of the parties in accordance with the provisions of 28 U.S.C. § 636(c) (2003).  Brian K. Lattimore ("Plaintiff"), proceeding pro se, commenced this action on February 14, 2007, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 20003-2000e-17 and 42 U.S.C. §§ 1983 and 1985, against the Westchester County Medical Examiner's, Dr. Hyland ("Hyland"), Dr. Roh ("Roh"), Dr. Ashar ("Ashar"), Dr. Duong ("Duong"), John Friday ("Friday"), and Halvio Paulino ("Paulino").  Defendants Hyland, Ashar, Roh, and Paulino ("Moving Defendants") now move this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff's claims are time-barred.  For the reasons set forth below, I find that Moving Defendants' motion to dismiss should be granted.

I.   **BACKGROUND**

   A.   **Summary of Relevant Facts**[1]

Plaintiff alleges that from March 1998 to June 2002, Defendants discriminated against him in the terms and conditions of his employment and retaliated against him based on his race, color, religion, age, and disability.  Amended Complaint at ¶¶ 4-7.  Specifically, Plaintiff claims that the individual Defendants singled Plaintiff out, harassed him, and falsely accused him of misconduct during the course of his employment at the Westchester County Medical Examiner's Office.  See generally Typewritten Documents Attached to Amended Complaint ("Typewritten Documents").  Plaintiff also claims that one of the individual Defendants sexually harassed him.  Id.  In addition, Plaintiff alleges that he was wrongfully terminated in December 2002.  Id.; see also Amended Complaint at ¶ 4.  Additionally, Plaintiff claims that Defendants conspired to violate his rights under the First and Fourteenth Amendments.  See Typewritten Documents.

   B.   **Procedural History**

Plaintiff filed a Complaint on February 14, 2007.  Docket entry 2.  On the same day, the Honorable Kimba M. Wood, Chief United States District Judge, issued an Order stating that because Plaintiff had not filed his Title VII claim within ninety days of receiving his Notice of Right-to-Sue Letter, and had not filed his § 1983 and § 1985 claims within the three-year statute of limitations, his claims appeared to be time-barred.  Docket entry 3, pages 2-3.  Chief Judge Wood instructed Plaintiff to file an Amended Complaint within sixty days explaining "in detail why he failed to comply with . . . [the] filing requirements [of Title VII, § 1983, and § 1985] and

---

[1] The facts herein are taken from the Complaint and the proposed Amended Complaint, the allegations of which are taken as true for the purposes of ruling on Moving Defendants' motion to dismiss pursuant to Rule 12(b)(6).  McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).

2

why the statute[s] of limitation should be equitably tolled." Id. Plaintiff filed an Amended Complaint on April 6, 2007. Docket entry 5. Attached to the Amended Complaint is a letter from Plaintiff to Chief Judge Wood dated April 5, 2007, in which Plaintiff argues that he is entitled to equitable tolling because his "understanding toward legal litigation is far lower than a layman at law" and because his attorney abandoned him. See Handwritten Documents Attached to Amended Complaint ("Handwritten Documents"). Plaintiff also attached a second letter to Chief Judge Wood also dated April 5, 2007, in which Plaintiff lists thirteen attorneys and legal organizations he alleges he contacted for help in his case. Id. On January 4, 2008, in lieu of an Answer, individual Defendants Hyland, Ashar, Roh, and Paulino filed a motion to dismiss under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), arguing that all of Plaintiff's claims are time-barred.[2] Docket entries 14-15. Plaintiff filed an opposition to the motion on January 14, 2008. Docket entry 19. The Moving Defendants filed a reply on January 24, 2008. Docket entry 20. The parties consented to the jurisdiction of the undersigned on February 15, 2008. Docket entry 22.

## II. DISCUSSION

### A. The Standard for Dismissal Pursuant to Rule 12(b)(6) of the FRCP

When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, a district court must accept the allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. McCarthy, 482 F.3d at 191.

---

[2] It appears that Plaintiff never effectively served the Westchester County Medical Examiner's, Duong, or Friday, and therefore they have not answered. However, the arguments raised by the Moving Defendants logically apply to all claims raised in the Amended Complaint, therefore this Decision and Order includes consideration of all of Plaintiff's claims against all of the Defendants.

Where the plaintiff is proceeding pro se, the Court shall " 'construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggest[s].' " Weixel v. Bd. of Educ., 287 F.3d 138, 145-46 (2d Cir. 2002) (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000)). However, every plaintiff's complaint must satisfy a "flexible 'plausibility standard,' which obliges the [plaintiff] to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 127 St. Ct. 1955, 1974 (2007). In considering a motion to dismiss for failure to state a claim, a district court's review is "limited to the facts asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy, 482 F.3d at 191.

      B.    **Moving Defendants' Motion to Dismiss**

Moving Defendants argue that Plaintiff's Amended Complaint should be dismissed because his claims are time-barred and the Amended Complaint fails to allege facts sufficient to warrant equitable tolling of the applicable statutes of limitations. See generally Moving Defendants' Memorandum in Support. Plaintiff does not dispute that he failed to file the Complaint within the applicable statutes of limitations; however, Plaintiff argues that equitable tolling should apply for three reasons. See Plaintiff's Affirmation in Opposition. First, Plaintiff argues that equitable tolling is appropriate because his understanding of legal procedures is "lower than a layman." Id. at page 2. Next Plaintiff argues that equitable tolling is appropriate because his attorney told him that he did not need his Right-to-Sue letter and that he had a

"1983," before telling Plaintiff that he would not represent Plaintiff because Plaintiff could not pay him. Id. Finally, Plaintiff argues that the statutes of limitations should have been tolled while he was pursuing other cases on appeal before the Second Circuit. Id.

"The filing deadline for a formal complaint is not jurisdictional and, like a statute of limitations, is subject to equitable tolling." Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003). Equitable tolling, however, is only appropriate "in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his [or her] rights." Id. (internal citations omitted). Indeed, even where the plaintiff is proceeding pro se, courts will strictly enforce the filing deadlines. See, e.g., Sanchez v. Nat'l Cleaning Co., 11 F. Supp. 2d 453, 455 (S.D.N.Y. 1998) (dismissing the complaint as untimely when filed two days late); Fletcher v. Runyon, 980 F. Supp. 720, 722 (S.D.N.Y. 1997) (dismissing the complaint as untimely when filed eight days late). Thus, it is well established that equitable tolling is to be granted "only sparingly," id. at 721, and is not available in cases in which the plaintiff has "at best a garden variety claim of excusable neglect." Irwin v. Dep't of Veteran Affairs, 498 U.S. 89, 96 (1990); see also South v. Saab Cars USA, Inc., 28 F.3d 9, 12 (2d Cir. 1994).

The Second Circuit has held equitable tolling to be appropriate "where the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period; where [the] plaintiff was unaware of his or her cause of action due to misleading conduct of the defendant; or where a plaintiff's medical condition or mental impairment prevented her [or him] from proceeding in a timely fashion." Zerilli-Edelglass, 333 F.3d at 80 (internal citations omitted). In determining whether or not to equitably toll the filing deadline, "a district court

must consider whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." Id. at 80-81 (quoting Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 512 (2d Cir. 2002)).  The doctrine of equitable tolling is "highly case-specific," and the "burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff."  Boos v. Runyon, 201 F.3d 178, 184-85 (2d Cir. 2000).

In Torres v. Barnhart, 417 F.3d 276 (2d Cir. 2005), for example, the Second Circuit found that the plaintiff had put forth sufficient allegations of both his diligence in pursuing the action and the "extraordinary circumstances" that prevented him from complying with the filing deadline to warrant an evidentiary hearing on whether the deadline should be equitably tolled. Id. at 280.  Specifically, with regard to the plaintiff's diligence, the court pointed out that after the plaintiff's application for disability benefits had been denied at the administrative level, the plaintiff had immediately contacted the Pro Se Office of the district court, filled out the paperwork for filing a civil case as soon as he received it from the Pro Se Office, contacted an attorney to make sure that he had filled out the paperwork correctly, sent the paperwork to the attorney, and, when he discovered that the attorney failed to file the complaint, immediately contacted the Pro Se Office to ask if he could still file the complaint.  Id. at 277-279.  The court further pointed out that the plaintiff immediately filled out a pro se complaint and attached a notarized statement explaining the delay and sent it to the court the next day.  Id.

With regard to the plaintiff's extraordinary circumstances, the Second Circuit pointed to "the manner in which the lawyer misled Torres" into believing that he would file the complaint.

6

Id. at 280. The Second Circuit stated that although "the failure of a retained attorney to timely file a . . . complaint does not necessarily constitute an 'extraordinary circumstance' warranting equitable tolling," the cases in which the plaintiff is denied equitable tolling despite attorney error "pale[] in comparison to a case where, as here, a litigant on the verge of timely filing his own pro se complaint reasonably believes that an attorney, fully cognizant of the time constraints, has agreed to assist him in filing, only to learn later that the attorney has done nothing at all." Id.

     Unlike the plaintiff in Torres, Plaintiff has not put forward any proof of either his own diligence or any "extraordinary circumstance" that prevented him from timely filing his Complaint. First, neither Plaintiff's efforts to obtain counsel nor his involvement in other cases demonstrate due diligence in prosecuting the instant case. Although Plaintiff lists thirteen attorneys and legal organizations he allegedly contacted for help, Plaintiff does not state when he contacted them and what he requested from them. See Handwritten Documents. In addition, Plaintiff states that he was unable to get help from any of the attorneys or organizations he contacted. Id. Thus, unlike the plaintiff in Torres, Plaintiff was not under the impression that one of the attorneys or legal organizations was going to file the Complaint for him. In addition, also unlike the plaintiff in Torres, Plaintiff does not allege that he contacted the court's Pro Se Office, or made any other attempt to communicate with the court to obtain the appropriate paperwork during the lengthy time he waited to file the Complaint. Finally, although Plaintiff states that "it is well settled that [sic] statute of limitation is tolled during pursuit of remedies when such pursuit is required by Law" (Plaintiff's Affirmation in Opposition), Plaintiff has not cited to, and the Court cannot find, any cases indicating that the pursuit of appeals in separate

matters constitutes due diligence in pursuing the instant matter sufficient to warrant equitable tolling.  Accordingly, I find that Plaintiff has not demonstrated that he acted with reasonable diligence during the time he seeks to have tolled.

Furthermore, Plaintiff has not demonstrated "extraordinary circumstances" that prevented him from timely filing his Complaint.  As an initial matter, Plaintiff's argument that his understanding of the law is "lower than a layman at law" is not sufficient to warrant equitable tolling based on "extraordinary circumstance."  See, e.g., Velasquez v. United States, 4 F. Supp. 2d 331, 334-35 (S.D.N.Y. 1998) ("[It] has long been recognized that ignorance does not excuse lack of compliance with the law.") (citing Federal Crop. Ins. Corp. v. Merrill, 332 U.S. 380, 384-85(1947), aff'd, 205 F.3d 1327 (2d Cir. 2000); Brown v. Superintendent, No. 97 Civ. 3303, 1998 WL 75686, at *4 (S.D.N.Y. Feb. 23, 1998) (finding that the pro se plaintiff's "self-serving statement that the litigant is ignorant of the law is not grounds for equitable tolling of a statute of limitations").

Nor does the alleged "abandonment" by Plaintiff's attorney constitute "extraordinary circumstance."  As discussed supra, unlike the plaintiff in Torres, Plaintiff was not misled by any attorney into believing that the attorney was going to file the Complaint.  Rather, Plaintiff admits that his attorney told him that he would not represent him because Plaintiff could not pay him and that Plaintiff realized the attorney "wasn't gonna aid him in any way."  Handwritten Documents.  Additionally, even though Plaintiff alleges that his attorney falsely informed him that he would not need his Notice of Right-to-Sue letter, Plaintiff also admits that he knew "of the timely filing that had to be done with the Right to Sue Letter."  Id.; see also Plaintiff's Affirmation in Opposition.  Accordingly, I find that Plaintiff has not sufficiently alleged that he

was prevented by extraordinary circumstances from filing his Complaint in a timely fashion.

### III. CONCLUSION

For the foregoing reasons, the motion to dismiss is granted in its entirety, and the entire Amended Complaint is dismissed.

**SO ORDERED.**

Dated: April 16, 2008
White Plains, New York

Respectfully Submitted,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York